UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH C. WALTON,

      Plaintiff,

v.                                                    Case No. 23-CV-1411

NURSE MILLER, DR. LEDSMA,
NURSE VICK, and T. MOON,

      Defendants.

## ORDER

Plaintiff Joseph C. Walton, who is confined at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On January 4, 2024, the court screened Walton's complaint and found that it failed to state a claim upon which relief could be granted. (ECF No. 10.) However, the court gave Walton an opportunity to file an amended complaint. Walton filed an amended complaint on February 1, 2024. (ECF No. 11.) This order screens the amended complaint.

**SCREENING OF THE AMENDED COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Walton's Allegations*

Walton, who is diabetic, alleges that, while he was incarcerated at Dodge Correctional Institution in mid-August 2023, defendants Nurse Miller and Dr. Ledsma took him off diabetic checks and denied him insulin even though he still had issues with his blood sugar. (ECF No. 11 at 2.) Walton alleges that they did not perform a blood check before making this decision. (*Id.*) On September 1, 2023, when he went to Milwaukee County Jail for his state court case, he had a sugar attack. (*Id.* At 2-3.) On September 6, 2023, he returned to Dodge and Miller and Dr. Ledsma did nothing about his high blood sugar. (*Id.*) On September 11, 2023, he was transferred to Waupun, where defendant Nurse Vick did not treat his high blood sugar. (*Id.* at 3.) On September 14, 2023, between 9:15 a.m. and 9:30 a.m., Walton passed out due to high blood sugar. (*Id.*) His blood sugar was subsequently tested, but he states that Nurse Vick did not give him insulin. (*Id.*) He finally got his diabetic medication on September 20, 2023. (*Id.*)

Walton also states that he filed an inmate complaint but did not get a response. (ECF No. 11 at 3.) When he wrote defendant T. Moon about the lack of a response, she responded that she did not receive an inmate complaint. (*Id.*) Walton, however, requested a copy, which he attached to his amended complaint. (ECF No. 11-1 at 3.) Walton notes that no incident number was assigned to his inmate complaint. (ECF No. 11 at 3.)

*Analysis*

Walton claims that his constitutional rights were violated by the defendants when they failed to treat his diabetes. A prison official violates the Eighth Amendment when he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). At this stage, Walton alleges an objectively serious medical need.

A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." *Id*. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment*." Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include where a prison official fails to

4

act or do anything to address the serious medical need. *See Gayton*, 593 F.3d at 623-624 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include where an official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

Walton sufficiently alleges a deliberate indifference claim under the Eighth Amendment against Nurse Miller, Dr. Ledsma, and Nurse Vick. He alleges that they knew about his high blood sugar issues and sugar attacks but failed to treat his diabetes.

However, Walton does not allege a constitutional claim against T. Moon. Prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). While complaint examiners may violate a prisoner's constitutional rights when they handle the grievance with deliberate indifference, such as destroying a grievance without reading it, *see Burks v. Raemisch,* 555 F.3d 592 (7th Cir. 2009), Walton does not allege that T. Moon's actions (or inaction) caused his grievance to fail to be processed. T. Moon is dismissed as a defendant.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant T. Moon is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Nurse Miller, Dr. Ledsma, and Nurse Vick. It is **ORDERED** that, under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Walton is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

parties must notify the Clerk of Court of any change of address. Walton is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Walton's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 23rd day of February, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge